**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0273-23

JOSEPH ARGENZIANO,
Board President, on
behalf of the NORTHERN
VALLEY REGIONAL HIGH
SCHOOL DISTRICT BOARD
OF EDUCATION,

     Petitioner-Respondent,

v.

KATHLEEN FABLE,
Board Member,

     Respondent-Appellant.

_____

NEW JERSEY COMMISSIONER OF
EDUCATION,

     Respondent.

_____

Submitted February 5, 2025 – Decided March 28, 2025

Before Judges Mayer and Rose.

On appeal from the New Jersey Commissioner of Education, Docket No. 204-7/23.

Flanagan, Barone, & O'Brien, LLC, attorneys for appellant (Rita F. Barone, on the briefs).

Cleary Giacobbe Alfieri Jacobs, LLC, attorneys for petitioner-respondent (Matthew J. Giacobbe and Bradley D. Tishman, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Commissioner of Education (Amna T. Toor, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Kathleen Fable appeals from an August 29, 2023 final decision of the Commissioner of Education (COE), imposing the censure penalty recommended by the School Ethics Commission (SE Commission), which found Fable violated two provisions of the School Ethics Act (Act), N.J.S.A. 18A:12-21 to -34. To the extent Fable's appeal can be construed as a challenge to the penalty imposed by the COE, we affirm. Because Fable failed to appeal the SE Commission's findings on the violations before the COE, we have no jurisdiction to decide her belated claims. As such, we are constrained to dismiss her appeal on those grounds.

We commence with the governing legal principles to give context to the jurisdictional bar. The Legislature enacted the Act in 1991 "'to ensure and preserve public confidence' in local school board members, N.J.S.A. 18A:12-

A-0273-23

22, by providing local board members with advance guidance on ethical conduct so that such members might conduct their personal affairs appropriately and within the bounds ethically expected."  See Bd. of Educ. of Sea Isle City v. Kennedy, 196 N.J. 1, 16 (2008).  The Act created the SE Commission to review complaints alleging violations and to determine whether those complaints are supported by probable cause.  N.J.S.A. 18A:12-27, -29.1.

In 2001, the Act was amended to include the Code of Ethics for School Board Members (Code).  N.J.S.A. 18A:12-24.1.  Among other requirements, school board members must:  "confine [their] board action to policy making, planning, and appraisal, and . . . help to frame policies and plans only after the board has consulted those who will be affected by them," N.J.S.A. 18:12-24-1(c); and "recognize that authority rests with the board of education and will make no personal promises nor take any private action that may compromise the board," N.J.S.A. 18:12-24.1(e).

The process for reviewing alleged violations of the Act and the Code are the same.  See N.J.S.A. 18A:12-29(a).  If the SE Commission finds no probable cause, the complaint is dismissed.  If probable cause is found, the matter is referred to the Office of Administrative Law (OAL) for a hearing in accordance with the Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -15.

N.J.S.A. 18A:12-29(b). After the hearing, the SE Commission determines whether the conduct complained of constitutes a violation and, if so, recommends to the COE an appropriate sanction. N.J.S.A. 18A:12-29(c). Sanctions include "reprimand, censure, suspension, or removal." Ibid. The SE Commission's decision must be in writing and must set forth its findings and conclusions of law. Ibid. "The [COE] shall then act on the [SE C]ommission's recommendation regarding the sanction." Ibid.

Relevant here, appeals from the SE Commission's decision regarding a board member's violation of the Act or Code, and recommended sanction, "shall be in accordance with the provisions of [N.J.S.A. 18A:6-9.1]." N.J.S.A. 18A:12-29(d). Accordingly, "any appeal of a determination of the [SE] Commission shall be to the [COE] whose determination shall be a final agency action under the '[APA],' . . . and appeal of that action shall be directly to the Appellate Division of the Superior Court." N.J.S.A. 18A:12-29.1; see also N.J.S.A. 18A:12-29(d) (stating any appeal of the SE Commission's determination "shall be in accordance with [N.J.S.A. 18A:6-9.1]"); N.J.S.A. 18A:6-9.1 (explaining that determinations by the COE are appealable to the Appellate Division).

Stated another way, the COE always reviews and acts on the SE Commission's recommendation regarding the sanction, but only reviews the finding of a violation if there is an administrative appeal. Cf. N.J.S.A. 18A:12-29(f) (authorizing the SE Commission "to determine and impose the appropriate sanction" for a New Jersey School Boards Association officer or employee, which "shall be considered final agency action and an appeal of that action shall be directly the Appellate Division").

Consistent with these statutes, the Department of Education adopted regulations governing appeals from decisions by the SE Commission. See N.J.A.C. 6A:4-1.3, -2.2. Pursuant to the applicable regulations, an appeal of an SE Commission decision finding a school official violated the Act "shall be made to the [COE]." N.J.A.C. 6A:4-1.3(c). The appeal to the COE must be filed within thirty days after the final decision by the SE Commission. See N.J.A.C. 6A:4-2.2(b). As to the penalty imposed by the SE Commission, "any party may file written exceptions" to the COE within thirteen days of its final decision. N.J.A.C. 6A:28-9.11(b).

Against these requirements, we briefly summarize the pertinent facts and recite the procedural history. Fable twice served as a member of Northern Valley Regional High School District (District) Board of Education (Board),

from 2013 to 2015 and 2019 to 2021. During Fable's second term, the Board considered purchasing MacBook laptops for the District's students. Fable questioned whether Chromebooks were a better option. Without advising the Board, Fable contacted business administrators of other boards of education inquiring about Chromebooks. Fable also directed the receptionist of her private business to research the costs of Chromebooks for the District. To secure a price quote for Chromebooks, Fable's receptionist made inquiries to various vendors, including one of the District's information technology vendors. That vendor told the District's superintendent about the inquiry.

Thereafter, President Joseph Argenziano, on behalf of the Board, filed a verified petition with the SE Commission pursuant to N.J.S.A. 18A:6-9, seeking an order finding Fable violated N.J.S.A. 18A:12-24.1(c) and (e). After the SE Commission denied her motion to dismiss, Fable answered the complaint, and the matter was transmitted to the OAL as a contested case.

An administrative law judge (ALJ) held a plenary hearing in November 2022, during which Argenziano and the superintendent testified on behalf of the Board and Fable and three other witnesses testified on her behalf. The ALJ also considered the parties' documentary evidence.

A-0273-23

Following the hearing, the ALJ issued an initial decision, concluding Fable violated the Code as charged in the complaint because "[s]he was not authorized to conduct a personal investigation into product costs." Citing Fable's "repeated contact with vendors and school administrators without board approval," the ALJ determined censure was the appropriate penalty.

Fable filed exceptions to the ALJ's initial decision, arguing the SE Commission should decline to adopt the ALJ's findings. In the alternative, Fable sought an adjustment of the penalty from censure to reprimand. The Board filed a reply to Fable's exceptions, urging the SE Commission to reject Fable's arguments.

In a written decision, the SE Commission adopted the ALJ's finding that Fable violated the Code and adopted the censure penalty. Pertinent to this appeal, the SE Commission explained:

> Pursuant to N.J.S.A. 18A:12-29(c), this decision shall be forwarded to the [COE] for review of the [SE] Commission's recommended penalty. The parties may either: 1) file exceptions to the recommended sanction; 2) file an appeal of the [SE] Commission's finding of a violation; or 3) file both exceptions to the recommended sanction together with an appeal of the finding of a violation.
>
> Parties taking exception to the recommended sanction of the [SE] Commission but not disputing the

A-0273-23

[SE] Commission's finding of a violation may file, <u>within thirteen (13) days</u> from the date the [SE] Commission's decision is forwarded to the [COE], written exceptions regarding the recommended penalty to the [COE].

. . . .

Parties seeking to appeal the [SE] Commission's finding of violation <u>must</u> file an appeal pursuant to the standards set forth in N.J.A.C. 6A:4-1 [to -4.4] <u>within thirty (30) days</u> of the filing date of the decision from which the appeal is taken.

Fable took no further administrative action. She neither filed exceptions to the SE Commission's recommended censure penalty nor appealed from the SE Commission's finding that she violated N.J.S.A. 18A:12-24.1(c) and (e).

Accordingly, on August 29, 2023, the COE issued its final decision concurring with the censure sanction recommended by the SE Commission. Because Fable did not appeal the SE Commission's underlying findings on the violations, the COE only reviewed the recommended penalty pursuant to N.J.S.A. 18A:12-29(c). The COE noted its "decision may be appealed to the Appellate Division of the Superior Court pursuant to N.J.S.A. 18A:6-9.1." This appeal followed.

For the first time in her merits brief, Fable raises two arguments challenging the SE Commission's decision, which affirmed the ALJ's initial

decision that Fable violated the Code. Fable does not challenge the sanction imposed by the COE.

In reply to the contentions raised by the Board and COE that she failed to exhaust administrative remedies, Fable argues her failure to file an appeal of the SE Commission's decision before the COE does not preclude our review. Fable contends neither N.J.S.A. 18A:12-29.1 nor N.J.A.C. 6A:4-2.2(b) impose that requirement. She argues the COE's decision "[wa]s undisputedly comprised of the SE C[ommission]'s findings of violations and recommended penalty."

We have considered Fable's contentions in view of the governing legal principles and the record before the COE. Because Fable failed to appeal the SE Commission's violations finding to the COE, we are persuaded this court lacks jurisdiction to consider her belated challenges to the underlying violations. In its decision, the COE expressly noted Fable did not appeal from the SE Commission's findings.

Turning to the sanction imposed, an issue not addressed in a party's initial merits brief is deemed waived. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); see also Fuhrman v. Mailander, 466 N.J. Super. 572, 599 (App. Div. 2021). It is improper for a party's reply brief to raise an issue for the first time or enlarge

the main argument. See N.J. Republican State Comm. v. Murphy, 243 N.J. 574, 615 n.37 (2020); see also L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014). Moreover, in her reply brief, Fable only tangentially mentions the penalty; she does not expressly argue a lesser penalty should have been imposed.

We have nonetheless considered the propriety of the sanction imposed. Mindful of our limited and deferential review, see In re DiGuglielmo, 252 N.J. 350, 359 (2022), we decline to disturb the COE's decision. We affirm for the reasons stated by the COE, noting, as did the agency, Fable failed to file exceptions to the recommended penalty. See R. 2:11-3(e)(1)(D) and (E).

Affirmed in part; dismissed in part.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0273-23